Turner *v.* Keck, Appellant, et al.

Argued March 26, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

388

*Rabe F. Marsh,* with him *Howard H. Whitehead,* County Solicitor, for appellant.

*Andrew S. Romito,* for appellee.

*Robert L. Riggs,* for Pittsburgh Legal Journal, intervenor.

*Robert W. Smith* and *Smith, Best & Horn,* for Westmoreland Law Association, intervenor.

PER CURIAM, September 29, 1947:

The Treasurer of Westmoreland County fixed August 5, 1946 as the date for the sale of seated and unseated lands for delinquent taxes of 1944 and certain years prior thereto. The sale was advertised in two newspapers of general circulation once a week for three successive weeks and notice was duly served on the owners or terre-tenants by registered mail, but the sale was not advertised in the Westmoreland Law Journal which is the legal newspaper issued weekly in the county and designated by the rules of court for the publication of legal notices. A taxpayers' bill was filed and a preliminary injunction granted enjoining the Treasurer from holding the sale until advertisement was made in the Westmoreland Law Journal. The Treasurer thereupon presented a petition for a declaratory judgment, naming the Controller and the County Commissioners as defendants. Answers were filed and the Court entered a decree, from which the Controller now appeals, adjudging that the Treasurer is under the

duty of publishing in the Westmoreland Law Journal the list of lands to be sold for delinquent taxes prior to the actual sale thereof, but that no re-advertisement in any newspapers of general circulation is necessary. Pending the court proceedings the sale has been adjourned from month to month.

The Act of May 3, 1909, P. L. 424, last amended by the Act of July 28, 1941, P. L. 521, is explicit in providing that "every notice or advertisement required by law or rules of court to be published in one or more newspapers of general circulation, unless dispensed with by special order of court, shall also be published in the legal newspaper, issued at least weekly, in said county, designated by rules of court for the publication of court or other legal notices, if such newspaper exists. Publication in such legal newspaper shall be made as often as required to be made in such newspapers in general circulation, and shall be subject to the same stipulations and regulations as those imposed for the like services upon all newspapers: Provided, That nothing herein contained shall be construed to require the publication in such legal newspapers of municipal ordinances, mercantile appraisers' notice, advertising for bids for contracts for public work, or lists of delinquent taxpayers." (See also Act of June 9, 1931, P. L. 401, sec. 2, adding sec. 9 to Article I of the Act of May 2, 1929, P. L. 1278).

Since the law requires the County Treasurer to advertise tax sales in at least two newspapers of general circulation in the county if there be two such newspapers, or, if only one, then in such newspaper (as to seated lands, Act of May 29, 1931, P. L. 280, sec. 7, amended by sec. 3 of the Act of June 20, 1939, P. L. 498; as to unseated lands, Act of March 9, 1847, P. L. 278, sec. 2, last amended by the Act of April 25, 1945, P. L. 302), it follows that advertisement in such cases must

also be made in the legal newspaper published in the county. We are not called upon at this time to consider whether the requirement of such additional advertisement is mandatory or simply directory and whether, if not made through neglect or inadvertence, the title of a purchaser at the sale is thereby invalidated.

Appellant urges that advertisement of tax sales in the legal newspaper is not required because of the statutory exemption of "lists of delinquent taxpayers". The publication of such lists of delinquent taxpayers (as required for example in cities of the second class prior to the Act of April 26, 1933, P. L. 89, by such acts as those of March 22, 1877, P. L. 16, sec. 13; March 15, 1878, P. L. 7, sec. 3; and May 12, 1911, P. L. 295, sec. 7), and the publication of notices of sales of lands for delinquent taxes, are wholly distinct from one another, and the exemption of the publication of lists of delinquent taxpayers in the Act of May 3, 1909, P. L. 424, does not change or affect the requirement of the publication in the legal newspaper of the notices of tax sales.

We are wholly in accord with the view taken by the court below that the advertisements in the newspapers of general circulation prior to the original date fixed for the sale need not now be repeated (see Act of May 29, 1931, P. L. 280, sec. 8, last amended by the Act of June 20, 1939, P. L. 498, sec. 4) ; all that is required in that respect is that the County Treasurer shall publish in two newspapers of general circulation "a brief notice or advertisement announcing . . . the actual new date to which such sale for taxes has been adjourned"; (Act of June 20, 1939, P. L. 498, sec. 4, amending the Act of May 29, 1931, P. L. 280, sec. 8 as amended by the Act of May 3, 1933, P. L. 239).

Decree affirmed, costs to be paid by the County of Westmoreland.